CAVANAGH, J.
(dissenting). I agree with the majority’s conclusion that under Michigan law, a defendant who intends to aid, abet, counsel, or procure the commission of a crime is liable for that crime, as well as the natural and probable consequences of that crime. But the majority’s sweeping application of this principle to the facts of this case prevents me from fully embracing this interpretation of MCL 767.39.[1] Specifically, I believe that today’s decision sets a dangerous precedent for how MCL 767.39 will be applied in the future, and it stretches aider and abettor liability beyond any defensible bounds. Accordingly, I must respectfully dissent.
In a nutshell, the majority opines that defendant and his codefendant, Samuel Pannell, committed an aggravated assault. Next, the majority posits that “one of” the natural and probable consequences of an aggravated assault is death. Thus, the majority reasons that the trial court properly convicted defendant of second-degree murder, MCL 750.317, under an aiding and abetting theory, MCL 767.39. But, as Justice KELLY *17 notes in her dissent, such an approach completely ignores the trial court’s findings of fact.
For example, the trial court specifically found that defendant only intended to beat up the victim. Further, the trial court found that the victim did not die from the beating; rather, the victim died from a gunshot wound after being shot by Pannell. Importantly, the trial court also found that defendant did not intend for or know that Pannell was going to shoot and kill the victim. Therefore, the trial court’s findings do not support the imposition of criminal liability for second-degree murder under an aiding and abetting theory based on how MCL 767.39 has been traditionally interpreted. See, e.g., People v Carines, 460 Mich 750, 757; 597 NW2d 130 (1999) (“ ‘To support a finding that a defendant aided and abetted a crime, the prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.’’ ”) (emphasis added; citation omitted).
But even under the majority’s interpretation of MCL 767.39, these same factual findings do not support a second-degree murder conviction. Here, an evenhanded review of the trial court’s findings does not support the conclusion that this death was a natural and probable consequence of this beating because the shooting death was not foreseen and not agreed to. Accordingly, even if I were prepared to accept the majority’s interpretation of MCL 767.39, the majority’s application of its interpretation defies logic and well-established principles of our criminal law.
*18 For example, the majority’s rationale that defendant’s second-degree murder conviction was proper because “one of” the natural and probable consequences of a beating is death is akin to saying that defendant’s conviction was proper because, in general, a death might be the natural and probable consequence of some abstract beating. However, this rationale utterly destroys one of the most basic principles on which our criminal law is grounded: there can be no criminal liability without individual culpability. See, e.g., People v Aaron, 409 Mich 672, 708; 299 NW2d 304 (1980). Accordingly, it does not matter that in some hypothetical sense, a death could result from some beating. What should matter under the majority’s interpretation of MCL 767.39 is whether this death was the natural and probable consequence of this beating. But in this particular case, the trial court answered this question in the negative. Again, it cannot fairly be said that this death was the natural and probable consequence of this beating where the trial court found that the victim did not die from injuries inflicted during the beating, defendant did not intend to kill, and defendant did not know Pannell would shoot and kill the victim. Thus, I disagree with the majority’s rationale that because under some circumstances a death may result from a beating, defendant’s conviction of second-degree murder was proper.
Alternatively, the majority opinion could be read as using the following rationale to reach its result: because a death is always the natural and probable consequence of a beating, defendant’s conviction of second-degree murder was proper under an aiding and abetting theory. But this rationale likewise destroys the bedrock principle of criminal law that there can be no criminal liability without individual culpability. See Aaron, supra at 708. Moreover, this rationale is ludicrous because it *19 flies in the face of common experience and knowledge; a death does not always result from a beating.
In any event, regardless of whether the majority opinion can be fairly read to employ a “may be” or an “always” rationale, I cannot join today’s decision. In my view, the majority’s opinion is at odds with the way our law views criminal liability and disregards the trial court’s factual findings that the death in this case was not the natural and probable consequence of the assistance defendant provided. In doing so, the majority’s application of its interpretation of MCL 767.39 imprudently extends the scope of aider and abettor liability. Here, I believe that defendant’s conduct was deplorable and criminal. And I agree with the majority that the facts of this case do not “absolve defendant from his criminal responsibility.” Ante at 12 n 30. But on the basis of the trial court’s actual findings of fact, which are not clearly erroneous, I simply disagree that defendant is criminally responsible for second-degree murder under an aiding and abetting theory.
Additionally, I disagree with the majority’s alternative basis for reversing the Court of Appeals judgment and reinstating defendant’s conviction of second-degree murder under an aiding and abetting theory merely because defendant was found to have possessed a general intent to cause great bodily harm. For reasons similar to those noted earlier in this opinion, it is insufficient under MCL 767.39 to convict defendant of second-degree murder because “\o]ne of the potential consequences of causing great bodily harm is that the ultimate result could be the death of the victim.” Ante at 12 n 30 (emphasis added). Moreover, even though defendant was found to have possessed an intent to cause great bodily harm, the trial court’s factual findings do not support defendant’s conviction of second-degree murder.
*20 Granted, the malice requirement for second-degree murder is satisfied where the defendant has the intent to cause great bodily harm. People v Goecke, 457 Mich 442, 463-464; 579 NW2d 868 (1998). But, in light of the trial court’s other findings of fact, causation has not been established in this case because the injuries inflicted with the intent to cause great bodily harm were not the cause of death. In other words, it is largely irrelevant that the trial court may have found that defendant generally had the intent to cause great bodily harm and that defendant’s actions allowed Pannell to ultimately get the upper hand because the trial court also found that the assault with intent to cause great bodily harm did not result in injuries that caused death. As such, the trial court’s latter finding fails to make the necessary criminal connection between the intent to cause great bodily harm and an act that effectuated that intent and caused the death. Again, I believe that defendant’s conduct was deplorable and criminal. But the trial court’s findings of fact are not clearly erroneous and, thus, require that defendant’s second-degree murder conviction under an aiding and abetting theory be reversed. Thus, I disagree with the majority’s alternative basis for reversing the Court of Appeals judgment as well.
In sum, because this death was not the natural and probable consequence of this beating and defendant’s intent and actions did not criminally cause this death, defendant cannot be convicted of second-degree murder under an aiding and abetting theory. Therefore, I would affirm the judgment of the Court of Appeals.

 MCL 767.39 provides:
Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.